UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| THOMAS COLE, <br>     Plaintiff | ) <br> ) <br> ) |
| v. | )    CASE NO. 2:18-cv-220 <br> ) |
| FOXMAR, INC., d/b/a EDUCATION <br> AND TRAINING RESOURCES <br>     Defendant | ) <br> ) <br> ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441 and 1446, Defendant Foxmar, Inc. d/b/a Education and Training Resources ("ETR"), by and through its counsel, Carroll, Boe & Pell, P.C., hereby gives notice of removal of the above-captioned matter to the United States District Court for the District of Vermont from the Vermont Superior Court, Addison Unit – Civil Division. In support of its Notice of Removal, Defendant states as follows:

1. On or about November 10, 2018, pursuant to V.R.C.P. 4(l), Plaintiff Thomas Cole emailed a Complaint and an Acceptance of Service to the Defendant ETR. A copy of the Complaint and the Acceptance of Service delivered to Defendant ETR are attached hereto as Exhibit 1.

2. Counsel for Defendant signed and returned the Acceptance of Service on December 7, 2018. A copy of the signed Acceptance of Service is attached hereto as Exhibit 2.

3. Plaintiff is a citizen of the State of Vermont. Exh. 1, Complaint, at ¶ 1.

4. Defendant is a foreign profit company incorporated in the State of Kentucky with a principal place of business located at 2422 Airway Drive, Bowling Green, KY, 42103. *See* "Business Details" for Foxmar, Inc. from the Vermont Secretary of State Business Search

- 1 -

Database, available at:

https://www.vtsosonline.com/online/BusinessInquire/BusinessInformation?businessID=283686, a copy of which is attached as Exhibit 3.

5. Because Defendant is incorporated in Kentucky and has its principal place of business in Kentucky, Defendant is deemed a citizen of the State of Kentucky for removal purposes. 28 U.S.C. § 1332(c).

6. The Plaintiff being a citizen of Vermont, and the Defendant being a citizen of Kentucky, diversity of citizenship exists in this case. 28 U.S.C. § 1332(a) & 1332(c).

7. On or about September 14, 2018, Plaintiff, by and through William Pettersen IV (Plaintiff's attorney in this action), sent to Defendant ETR, care of Brian E. Fox, ETR's President, a letter, which is described in the letter as a "V.R.E. and F.R.E. 408 Confidential Offer of Settlement" ("Plaintiff's Settlement Letter"). A true and accurate copy of relevant portions of this letter is attached as Exhibit 4.

8. In Plaintiff's Settlement Letter, Plaintiff's counsel indicated that he represents Plaintiff "in his legal claims against Foxmar, Inc. d/b/a Education and Training Resources ("ETR") relating to its wrongful termination of Mr. Cole on or around July 27, 2018." Exh. 4 at 1.

9. Plaintiff's counsel stated further that "Mr. Cole intends to bring claims against ETR for wrongful termination in violation of VOSHA, wrongful termination in violation of public policy, and breach of contract, and intends to seek damages in the amount of $3,602,700, not included [sic] interest." Exh. 4 at 1; *see also* Exh. 4 at 7 (reasserting Plaintiff's intention to seek damages in the amount of $3,602,700).

APBOLL BOE & PECK, P.C.
44 COURT STREET
MONTPELIER, VT 05753
802-888-6112
FAX 883-1111

10. Plaintiff's Settlement Letter explains the factual grounds upon which Plaintiff bases his damages. *See* Exh. 4 at 5-7.

11. An unsigned draft of the Complaint filed in this action accompanied Plaintiff's Settlement Letter. *See* Exh. 4.

12. Two months after sending Plaintiff's Settlement Letter, Plaintiff filed the instant Complaint, by and through his attorney, William Pettersen IV. The Complaint alleges claims for wrongful termination in violation of VOSHA (Count I), wrongful termination in violation of public policy (Count II), breach of contract (Count III), and breach of covenant of good faith and fair dealing (Count IV), all based on alleged wrongful termination by Defendant on July 27, 2018. *See, e.g.*, Exh. 1, Complaint, at ¶¶ 46-50.

13. The claims alleged in the Complaint include the same claims described in Plaintiff's Settlement Letter, in which Plaintiff asserts that he intended to seek damages in the amount of $3,602,700. *Compare* Exh. 1 *with* Exh. 4.

14. The Complaint does not set forth an amount in controversy. *See* Exh.1.

15. When the Complaint does not set forth the amount in controversy, the district court may look to documents outside the pleadings to determine the amount in controversy. *Johnson v. Wallaert*, 2015 U.S. Dist. LEXIS 10298, *3 (D.Vt. 2015).

16. Federal Rule of Evidence 408 does not preclude courts from considering a settlement demand for "the limited purpose of determining subject matter jurisdiction." *Johnson v. Wallaert*, 2015 U.S. Dist. LEXIS 10298, *3 (D.Vt. 2015) (citing *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004) (collecting cases)).

17. Plaintiff's Settlement Letter shows that Plaintiff estimates the value of his damages claims to be $3,602,700, not including interest. *See supra.*

18. Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction of this matter because the amount in controversy exceeds $75,000 and the action is between citizens of different States. 28 U.S.C. § 1332(a).

19. Pursuant to 28 U.S.C. §1367(b), this Court has supplemental jurisdiction over all ancillary state claims as stated in Plaintiff's Complaint.

20. This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), in that it is filed within 30 days after receipt by Defendant of a copy of the initial pleading attached hereto as Exhibit 1.

21. Because Defendant is the sole defendant in this action, no further consents are required to effect removal in this matter. *See* 28 U.S.C. § 1446(2)(A).

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Vermont Superior Court, Addison Unit – Civil Division.

WHEREFORE, Defendant hereby removes this action from the Vermont Superior Court, Addison Unit – Civil Division, to the United States District Court for the District of Vermont and asks that this Court take jurisdiction of all claims raised in the Plaintiff's Complaint.

DATED at Middlebury, Vermont this 10th day of December, 2018.

CARROLL, BOE & PELL, P.C.

BY: _____
Kevin L. Kite, Esquire
*Attorneys for Defendant*
64 Court Street
Middlebury, VT 05753
(802) 388-6711
kkite@64court.com

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| THOMAS COLE, <br>         Plaintiff <br><br> v. <br><br> FOXMAR, INC., d/b/a EDUCATION <br> AND TRAINING RESOURCES <br>         Defendant | ) <br> ) <br> ) <br> ) CASE NO. 2:18-cv-220 <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

I certify that copies of the Civil Cover Sheet and Notice of Removal by Defendant Foxmar, Inc. d/b/a Education and Training Resources, in the above-referenced action, was e-mailed and mailed via first-class mail, postage prepaid to the following counsel of record on December 10, 2018:

    William Pettersen IV, Esq.
    Pettersen Law PLLC
    1084 East Lakeshore Dr.
    Colchester, VT 05446
    pettersenlaw@gmail.com

DATED at Middlebury, Vermont this 10th day of December, 2018.

                        CARROLL, BOE & PELL, P.C.

                        BY: _____
                            Kevin L. Kite, Esquire
                            *Attorneys for Defendant*
                            64 Court Street, Middlebury, VT 05753
                            (802) 388-6711;
                            kkite@64court.com