

268 Broadway, Suite 104 | Saratoga Springs, NY 12866-4281 | **bsk.com**

**MICHAEL D. BILLOK, ESQ.**
mbillok@bsk.com
P: 518.533.3236
F: 518.533.3284

December 9, 2022

**VIA ELECTRONIC FILING**

Hon. Christina Reiss
United State District Court
District of Vermont
11 Elmwood Avenue
Burlington, Vermont 05401

Re:    *Cole v. Foxmar, Inc.*
        *Docket No. 2:18-cv-220-cr*

Dear Judge Reiss:

As you know, we represent Defendant Foxmar Inc. ("Foxmar") in the above-referenced action. I write regarding a pre-trial issue, which requires the Court's attention.

Plaintiff Thomas Cole ("Plaintiff") has identified Paige Howell as a witness for trial. Ms. Howell resides in Florida and the parties have agreed she is unavailable. As a result, the parties have conferred regarding designations of Ms. Howell's prior deposition testimony to be read into the record at trial.

For ease of the Court's reference, below is a list of Plaintiff's designations of Ms. Howell's testimony at issue, Defendant's objections, and Plaintiff's response to Defendant's objections (copied directly from his responses to Defendant's objections). I have also enclosed as Exhibit "A" an excerpt of Ms. Howell's testimony that contains the testimony at issue. As outlined below, Defendant respectfully requests the Court preclude the introduction of the testimony at issue from Ms. Howell at trial.

## Testimony at issue (Page:Line to Page:Line):

1. **Deposition 17:20 to 19:04**

*Defendant's Objection*

Defendant objects to the designation of this testimony on the grounds that it is irrelevant, prejudicial, and contains inadmissible hearsay. The testimony recounts a conversation between Ms. Howell and Plaintiff's Attorney, William Pettersen, regarding Plaintiff's lawsuit against Defendant. The statements attributed to Mr. Pettersen and Ms. Mobley are hearsay as Ms. Howell is recounting what each said to her. Additionally, it would be

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 2

improper to admit the statements of Plaintiff's Attorney, Mr. Pettersen, as evidence at trial as he has no first-hand knowledge of the underlying facts or circumstances at issue. Additionally, Ms. Howell's testimony regarding coming to work without a medical note following an absence has no bearing on Plaintiff's lawsuit because he has not alleged that he experienced anything similar or that such conduct was the subject of any report he raised to Foxmar.

While Plaintiff maintains this testimony is relevant to the issue of potential retaliatory animus of Ms. Mobley toward Ms. Howell, Ms. Howell's own testimony indicates she was not disciplined, but instead was told to bring a medical note clearing her to return to work. As such, this testimony does not demonstrate the "pattern of safety and health violations" or "suppression and retaliation" Plaintiff claims. Moreover, this trial pertains to Plaintiff's allegations of retaliation, not Ms. Howell, and should not become a trial within a trial about Ms. Howell's workplace gripes.

Plaintiff fails to address the potential prejudice of this testimony, other than stating in cursory fashion that he does not believe the testimony is prejudicial.

Finally, with respect to hearsay, Ms. Howell is recounting a conversation between her and Attorney Pettersen, where she informed him that her co-workers told her that Ms. Mobley made statements outside of her presence that she was not really sick. Even if a hearsay exception applies to Ms. Mobley's statements to Ms. Howell's co-workers, no such exception exists to cover the co-workers recounting those statements to Ms. Howell, or Ms. Howell then recounting those statements to Attorney Pettersen. While Attorney Pettersen argues there are indicia of reliability here, he ignores the multiple degrees of separation between Ms. Howell's testimony and the statements at issue.

*Plaintiff's Reply to Defendant's Objection*

<u>Relevance</u>
Ms. Howell's testimony goes to the retaliatory animus of Ms. Mobley against her for taking sick leave, including demeaning statements to her coworkers and threats of retaliation if complaints were made over Ms. Mobley's head.  This is relevant to the issues of causal connection and pretext as it makes it more likely Ms. Mobley had a retaliatory animus against Mr. Cole for his complaints about the sick leave policy.  This evidence is also relevant to pretext because it shows a pattern of retaliation and suppression of complaints by Defendant.  This evidence is also relevant to punitive damages because it shows a pattern of safety and health violations by Defendant and a pattern of suppression and retaliation against employees for making complaints.[1]

---

[1] *See, e.g. Weidler v. Big J Enterprises, Inc.*, 1998-NMCA-021, ¶¶ 46-47 ("As the Supreme Court in *BMW* notes, 'the most important indicium of the reasonableness of a punitive damages award is the

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 3

No prejudice
This evidence is not unduly prejudicial.

Non-hearsay or a Rule 807 exception
Ms. Mobley's statements are non-hearsay because they were made in her capacity as an employee for Defendant.[2] Ms. Howell's statements to Attorney Pettersen are non-hearsay because they are not offered for the truth of the matter asserted and are instead offered to provide context for Ms. Howell's deposition testimony.  It is clear from the transcript Ms. Howell is testifying as to what she observed, despite Defendant's initial phrasing of the question to include her conversation with Attorney Pettersen. See, e.g. 18:14-15 ("So, what are some of the specifics of what you *recounted* to Mr. Pettersen?") (emphasis added). Further, even if the testimony were considered hearsay, the Rule 807 residual exception should certainly apply because "the statement is supported by sufficient guarantees of trustworthiness" under the totality of the circumstances.  Ms. Howell made the statements as a disinterested third-party to both Plaintiff's counsel and later Defendant's counsel, who had the opportunity to depose her under oath about the statements.  Additionally, Defendant itself, through counsel, was the party who phrased the question in a way that caused the hearsay objection.  The fact Defendant's counsel elicited the testimony in a form that may have been hearsay—and Ms. Howell did not herself testify in that manner—provides an even greater indication of trustworthiness in the testimony. Finally, if needed, these introductory statements from 17:20-18:15 may simply be removed, although leaving them provides better context of the question for the jury without causing any prejudice to Defendant.

---

degree of reprehensibility of the defendant's conduct.' . . . Here, where there was evidence of *a pattern of threatening employees* with their jobs over the raising of safety concerns, the jury could reasonably conclude Big J was engaging in particularly reprehensible conduct. *An indifference to or reckless disregard for the health or safety of others* is an aggravating factor for punitive damages. . . . Likewise, evidence of *repeated engagement in prohibited conduct knowing or suspecting it is unlawful* is relevant support for a substantial award.") (emphasis added); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 579 (1996) (relevant evidence to punitive damages includes "deliberate false statements, acts of affirmative misconduct, or concealment of evidence of improper motive"); *Fraser v. Wyeth, Inc.*, 992 F. Supp. 2d 68, 100 (D. Conn. 2014) ("The Supreme Court has identified several factors that a court may consider in determining the degree of reprehensibility. These include whether: [1] 'the harm caused was physical as opposed to economic; [2] the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; [3] the target of the conduct had financial vulnerability; [4] the conduct involved repeated actions or was an isolated incident; and [5] the harm was the result of intentional malice, trickery, or deceit, or mere accident.'") (quoting *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003)); *and Worth Bargain Outlet, Inc. v. AMCO Ins. Co.*, No. 09CV839 DMS (WMC), 2010 WL 11508880, at *2 (S.D. Cal. Mar. 24, 2010) ("The court further stated that 'other instances of alleged unfair settlement practices may also be highly relevant to plaintiff's claim for punitive damages' and 'indirect evidence of the elements of punitive damages may be suggested by a pattern of unfair practices.'") (quoting *Colonial Life & Acc. Ins. Co. v. Superior Court*, 31 Cal. 3d 785, 791-92 (Cal. 1982)).

[2] F.R.E. 801(d)(2) (non-hearsay includes statement by "the party's agent or employee on a matter within the scope of that relationship and while it existed").

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 4

### 2. Deposition 20:20 to 22:07

*Defendant's Objection*

Defendant objects to the designation of this testimony on the grounds that it is irrelevant. The surrounding testimony makes clear that the occurrence Ms. Howell is referring to took place in August 2018—after Plaintiff's termination—and she was not able to recall any other similar occurrence that took place during Plaintiff's employment with Defendant. Additionally, Ms. Howell's perceptions of Ms. Mobley and Ms. Howell's absences from work have no bearing on Plaintiff's claims, as Plaintiff has not made any allegation regarding feeling "threatened" by Ms. Mobley or that he was terminated for missing work due to illness. As such, despite Plaintiff's arguments, this testimony does not evidence a pattern of any kind and bears no connection to his underlying claims.

If Defendant's objection is overruled and this deposition testimony is admitted, Defendant counter-designates 22:08 to 23:02.

*Plaintiff's Reply to Defendant's Objection*

<u>Relevance</u>
This testimony is relevant evidence making it more likely Defendant had a policy of requiring employees to find replacements before taking sick leave. The fact the particular incident Ms. Howell recalled "maybe" occurred in August in no way undermines the relevance because a pattern may necessarily be established by incidents before and after the retaliatory termination. Such pattern is relevant to the issue of punitive damages for the reasons discussed supra at n. 1-2.

### 3. Deposition 23:03 to 23:14

*Defendant's Objection*

Defendant objects to the designation of this testimony as irrelevant. The testimony describes a chain of command for internal complaints, starting with the individual's supervisor before raising an issue to another party. This has no bearing Plaintiff's claims as there is no allegation that Plaintiff was discouraged from raising complaints to Defendant or that he was terminated for failing to follow the chain of command.

If Defendant's objection is overruled and this deposition testimony is admitted, Defendant counter-designates 23:15 to 24:02.

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 5

*Plaintiff's Reply to Defendant's Objection*

<u>Relevance</u>
This testimony states Ms. Mobley told staff they "shouldn't be going above her head to Human Resources or to Miss Grangent." This evidence is relevant for the reasons stated *supra* regarding 17:20-19:04.

### 4. Deposition 46:25 to 47:12

*Defendant's Objection*

Defendant objects to the designation of this testimony on the grounds that it is vague and irrelevant. First, the designated testimony lacks specificity and fails to identify even a single specific comment or example of the described conduct. This testimony vaguely alludes to a chain of command for internal complaints, but, as discussed above, such testimony has no bearing on Plaintiff's claims as Plaintiff has not alleged he was in any way discouraged from raising complaints to Defendant or that he was terminated for failing to follow the chain of command.

If Defendant's objection is overruled and this deposition testimony is admitted, Defendant counter-designates 47:13 to 47:15.

*Plaintiff's Reply to Defendant's Objection*

<u>Specificity</u>
This testimony is not vague as it states Ms. Mobley threatened employees with "constant reminders" they "were replaceable" and "if you went over her head, there would be consequences." 47:06-08. Ms. Howell also testified she recalled specific instances of this occurring "[a]lmost daily at our brief-in-meetings . . .." 47:09-12.

<u>Relevance</u>
This testimony is relevant for the reasons stated *supra* regarding 17:20-19:04.

### 5. Deposition 44:18 (beginning at: "what was the…") to 45:15

*Defendant's Objection*

Defendant objects to the designation of this testimony on the grounds that it is irrelevant. Ms. Howell's perceptions of Ms. Mobley and Ms. Howell's absences from work have no bearing on Plaintiff's claims, as Plaintiff has not made any allegation regarding feeling "threatened" by Ms. Mobley or that he was terminated for missing work due to illness.

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 6

Also, Mr. Pettersen objects to the question at 45:4; it is a leading question, and Ms. Howell is being offered as Plaintiff's witness. 44:25-45:7 should be disallowed on that basis.

If Defendant's objection is overruled and this deposition testimony is admitted, Defendant counter-designates 45:16 to 45:20.

*Plaintiff's Reply to Defendant's Objection*

Relevance
This testimony is relevant because Ms. Howell she interpreted Ms. Mobley's statements as threats of termination if she took sick leave.  This is relevant to punitive damages, including pattern, intent, and indifference and reckless disregard to health and safety.

Objection
Plaintiff's counsel objected to one question within on form, but such objection does not enable Defendant to preclude the answer to its own question.

6. **Deposition 50:16 to 51:10**

*Defendant's Objection*

Defendant objects to the designation of this testimony on the grounds that it is entirely irrelevant to this action. The testimony pertains to alleged complaints following Ms. Mobley's separation of employment with Defendant; however, Ms. Mobley was still an employee at the time of Plaintiff's termination. As such, any complaints that occurred after Ms. Mobley left her position with Defendant would have occurred well after Plaintiff's termination and therefore would have no bearing on Plaintiff's termination.

If Defendant's objection is overruled and this designated deposition testimony is admitted, Defendant counter-designates 51:14-15, and 51:17.

*Plaintiff's Reply to Defendant's Objection*

Relevance
This testimony is relevant for the reasons stated *supra* regarding 17:20-19:04. The fact employees were told at a staff meeting they "needed to stop making petulant complaints and acting like children" is relevant to punitive damages and its reprehensibility factors.

7. **Deposition 30:11 to 33:16**

*Defendant's Objection*

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 7

Defendant objects to the designation of this testimony on the basis of irrelevance and other bad acts, the subject of Defendant's motion in limine. Defendant further objects that this proffered testimony contains numerous hearsay statements between and among Ms. Howell, Plaintiff's Attorney, Mr. Pettersen, and at least two of Defendant's former employees, Jessica Bezon and Rebecca Welker. This testimony also includes hearsay within hearsay, wherein Ms. Howell recounts statements made to her by Ms. Bezon, which Ms. Bezon attributes to Ms. Welker.

If Defendant's objection is overruled and this deposition testimony is admitted, Defendant counter-designates 33:17-34:07.

*Plaintiff's Response to Defendant's Objection*

Relevance
The testimony is relevant for various reasons as it states the dorms were in "deplorable condition," the students "often didn't have the resources" to clean the dorms, there was mold in the dorms, and Ms. Howell and another counselor reported this and were reprimanded by Ms. Mobley's Assistant, Ms. Bezon, for making the report about mold.
This evidence makes it more likely Plaintiff's complaints about a lack of cleaning supplies were legitimate, and more likely Defendant had retaliatory intent since Plaintiff was complaining about actual safety violations on campus. Further, this evidence is relevant because it shows indifference and reckless disregard for the health and safety of the students, and a pattern of suppression of complaints, both of which go to reprehensibility.

Finally, it is worth noting all of the evidence of other safety issues on campus that went unaddressed by Defendant, and all evidence of suppression and retaliation, occurred within a one-year timeframe of Plaintiff's termination and occurred on the same campus and when the same decisionmakers were employed for Defendant (except Ms. Mobley after approximately October 2018). This is a very reasonable scope of evidence to establish a pattern of safety violations, suppression, and retaliation, and use of such evidence is supported by the case law. *See supra* n. 1.

Non-hearsay or Rule 807 exception
This testimony is non-hearsay or a Rule 807 exception for the reasons discussed *supra* regarding 17:20-19:04.

8. **Deposition 34:08 to 34:21**

*Defendant's Objection*

Defendant objects to the designation of this testimony on the basis of irrelevance and other bad acts, the subject of Defendant's motion in limine. While Plaintiff attempts to

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 8

address the relevance issue, he fails to address the fact that this testimony pertains to other bad acts and, as discussed in Defendant's motion in limine, it is inadmissible.

If Defendant's objection is overruled and this deposition testimony is admitted, Defendant counter-designates 34:22-35:3.

*Plaintiff's Response to Defendant's Objection*

<u>Relevance</u>
This evidence is relevant because Ms. Bezon is telling Ms. Howell not to report mold problems in the logs because it can be flagged by the DOL.  Ms. Howell considered this a verbal reprimand.  This is relevant to punitive damages as to pattern, health and safety, intent, and deceit.

### 9.  Deposition 54:12 to 55:20

*Defendant's Objection*

Defendant objects to the designation of this testimony on the grounds that it is irrelevant. Specifically, this testimony pertains to alleged complaints about suspected mold in one of Defendant's dormitories. These alleged complaints were not raised by Plaintiff, and do not overlap in any way with the substance of Plaintiff's alleged complaints in this action. This is also the subject of Defendant's motion in limine for other bad acts. While Plaintiff attempts to address the relevance issue, he fails to address the fact that this testimony pertains to other bad acts and, as discussed in Defendant's motion in limine, it is inadmissible.

If Defendant's objection is overruled and this designated deposition testimony is admitted, Defendant counter-designates 55:21 to 55:23.

*Plaintiff's Response to Defendant's Objection*

<u>Relevance</u>
This testimony is relevant because Ms. Howell reported mold to Ms. Mobley and the fact a student "believed that he was having respiratory issues from the amount of mold in the dorm."  Ms. Mobley's reaction was to minimize the complaint, and it was never addressed to Ms. Howell's knowledge.  This is a prime example of Ms. Howell following the required chain of command procedure, yet the safety complaint went unaddressed.  It's evidence for punitive damages as to pattern, intent, and disregard to health and safety of others.

Hon. Christina Reiss, United States District Court, District of Vermont
December 9, 2022
Page 9

Thank you for your consideration.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Michael D. Billok
Member