U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR 24  PM 12:06

CLERK

BY /s/ LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THOMAS COLE,

    Plaintiff,

    v.

FOXMAR, INC., d/b/a EDUCATION
AND TRAINING RESOURCES,

    Defendant.

Case No. 2:18-cv-00220

### ENTRY ORDER GRANTING DEFENDANT'S MOTION FOR COSTS PURSUANT TO RULE 68
(Doc. 215)

Plaintiff Thomas Cole brought this action against Defendant Foxmar, Inc. seeking damages arising out of Defendant's termination of his employment on July 27, 2018. On October 17, 2022, Defendant moved to enforce a settlement agreement allegedly reached with Plaintiff on September 12, 2022 via email and sought attorney's fees and costs incurred in bringing the motion to enforce and in preparing for trial. On November 8, 2022, after weighing the totality of the evidence and the factors set forth in *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78 (2d Cir. 1985), the courts found that the parties had not reached a binding settlement agreement and denied Defendant's motions.

At the beginning of the jury trial, the court instructed the jury, pursuant to the parties' joint statement of the case, that Defendant had already been found liable for retaliating against Plaintiff under the Vermont Occupational Health and Safety Act ("VOSHA") and the Vermont Earned Sick Time Act ("VESTA"). Plaintiff sought back pay in the amount of $80,337, emotional distress damages in the amount of $200,000, and punitive damages for his VESTA claim. On December 16, 2022, the jury returned a verdict finding Defendant owed Plaintiff $35,000 in back pay, $20,000 in emotional distress damages, and no punitive damages, resulting in a total award of $55,000.

On January 24, 2023, Defendant filed the pending motion. Plaintiff did not file an opposition.

Plaintiff is represented by William Pettersen, IV, Esq. Defendant is represented by Kevin L. Kite, Esq., Mara D. Afzali, Esq., Michael D. Billok, Esq., and Paul J. Buehler, III, Esq.

"At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "The cost-shifting mechanism of Rule 68 is 'designed to encourage settlements without the burdens of additional litigation.'" *Holmes v. Apple Inc.*, 797 F. App'x 557, 562 (2d Cir. 2019) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 280 (2d Cir. 2014)). "Rule 68's language is mandatory, stating that 'the offeree *must* pay the costs incurred.'" *Holmes v. Apple, Inc.*, 2020 WL 1862571, at *2 (S.D.N.Y. Apr. 14, 2020) (quoting Fed. R. Civ. P. 68(d)) (emphasis in original). "[A]ll costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" *Marek v. Chesny*, 473 U.S. 1, 9 (1985).

"[A]bsent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." *Id.* Under Vermont law, VESTA retaliation claims are governed by the minimum wage retaliation provision, 21 V.S.A. § 483(l) ("The provisions against retaliation set forth in section 397 of this title shall apply to this subchapter"), which states that "the court may make such award of costs as may seem equitable and just." 21 V.S.A. § 396(e). VOSHA authorizes individuals to bring actions "for appropriate relief, including reinstatement, triple wages, damages, costs, and reasonable attorney's fees[,]" 21 V.S.A. § 232, but it does not define costs. "[T]he trial court has discretion in awarding costs." *Peterson v. Chichester*, 600 A.2d 1326, 1329 (Vt. 1991) (citation omitted).

In this case, Defendant offered Plaintiff $375,000 to settle the case on November 18, 2022, which Plaintiff rejected. At trial, the jury awarded Plaintiff $55,000. Because

2

Plaintiff obtained a judgment that was "not more favorable than the unaccepted offer, [he] must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Taxable costs are listed in 28 U.S.C. § 1920 and must be requested pursuant to a Bill of Costs. D. Vt. L.R. 54(a). "All costs must be itemized and include supporting documentation, such as billing statements, invoices, or receipts for expenses." *Id.* Under 28 U.S.C. § 1920(4), costs expended for exemplification, including expert reports used as trial exhibits, are taxable costs. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 631 (2d Cir. 1982).

As set forth in the Bill of Costs, Defendant incurred costs of $11,974.50 for the following:

(1) $46.80 in transcript fees;

(2) $3,237.95 in witness fees;

(3) $2,568.50 in exemplification and copying costs; and

(4) $6,121.25 in other costs, including expert fees.

(Doc. 216.)[1] Defendant called two expert witnesses at trial, Charles Amodio and Howard Harmon. Mr. Amodio drove his personal vehicle from Saratoga Springs, New York to Burlington, Vermont in order to testify at the trial. He testified on two days and was required to stay in Burlington overnight. Defendant may recover the costs of Mr. Amodio's witness fees, travel, and subsistence for meals and lodging. Mr. Harmon flew from Nashville, Tennessee to Burlington, Vermont and was prepared to testify during the first four days of the trial. He eventually testified on the fourth day and was required to stay five nights. The court concludes Defendant may recover Mr. Harmon's costs, including witness fees, travel, and subsistence for meals and lodging. *Id.*

After November 18, 2022, Mr. Amodio created an expert report which was used at trial. The court finds Mr. Amodio's rates, which are similar to of Plaintiff's expert witness's rates, reasonable. Copying costs for exhibits used at trial are also taxable. *See*

---

[1] Transcript fees are recoverable under 28 U.S.C. § 1920(2). The costs for witness fees are set forth in 28 U.S.C. § 1821 and per diem rates for travel, meals, and lodging are established by the U.S. Administrator for General Services.

28 U.S.C. § 1920(4). Defendant's costs for the preparation of Mr. Amodio's expert report and its copying costs are therefore taxable.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion for costs pursuant to Rule 68. (Doc. 215.) Plaintiff is ORDERED to pay Defendant's costs in the amount of $11,974.50 for its costs incurred after November 18, 2022.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of March, 2023.

Christina Reiss, District Judge
United States District Court